UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES ROSALES, | Case No.: 19-CV-2303 JLS (LL) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION FOR SECURITY OF COSTS** |
| COUNTY OF SAN DIEGO; SHERIFF WILLIAM D. GORE; DEPUTY TERENCE YORK, an individual; DEPUTY BRANDON DELIMA, an individual; DEPUTY EVAN MCCORMICK, an individual, DEPUTY NICHOLAS ADAMS, an individual; DEPUTY ERIC COTTRELL, JR., an individual, DEPUTY CARL FIELSTRA, an individual; DEPUTY BRIAN SCHAEFER, an individual; DEPUTY CHRISTOPHER PEREZ, an individual; SERGEANT DWAIN WASHINGTON, an individual, DEPUTY RONALD BUSHNELL, an individual; DEPUTY STEVEN FEALY, an individual; DEPUTY SCOTT ROSALL, an individual; and DOES 1 through 50, inclusive, | (ECF No. 8) |
| Defendants. | |

Presently before the Court is Defendants County of San Diego and William D. Gore's Motion for Security of Costs ("Mot.," ECF No. 8), as well as Plaintiff Dolores Rosales' Response in Opposition ("Opp'n," ECF No. 9) and Defendant's Reply in Support of ("Reply," ECF No. 11) the Motion. The Court took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 10. Having carefully considered the Parties' arguments, the evidence, and the law, the Court **DENIES** the Motion.

## BACKGROUND

Marco Antonio Napoles died thirty-six hours after San Diego County Sheriff's deputies utilized physical force to detain him for trespassing at a gas station convenience store in Fallbrook, California, on August 16, 2018. *See* ECF No. 1 ("Compl.") ¶¶ 42–63[1]; *see also* ECF No. 8-1 ("Mot. Mem.") at 1. Plaintiff, who is Napoles' mother and a resident of Mexico, brings a wrongful death suit as Napoles' successor-in-interest against Defendants. *See* Compl. ¶¶ 6–11. Specifically, Plaintiff sued Defendants for six federal causes of action under 42 U.S.C. § 1983 for violations of Plaintiff's and Napoles' constitutional rights under the Fourth, Eleventh, and Fourteenth Amendments. *See* Compl. ¶¶ 72–79, 87–147. Plaintiff also alleged state law causes of action under California Government Code section 820.8 and California Civil Code section 52.1. *See id.* ¶¶ 110–12, 123–27.

On December 30, 2019, Defendants filed a motion for an order requiring Plaintiff to post an undertaking under California Code of Civil Procedure section 1030. *See* Mot. Plaintiff opposes on the ground that she was financially dependent on her son until his death on August 17, 2018. *See* ECF No. 9-2 ("Rosales Decl.") ¶ 4. Further, due to depression and a fractured hand, Plaintiff is unable to work, *see id.* ¶ 5, and she now lives with her daughter in Tijuana, Mexico. *See id.* ¶ 6. Plaintiff has "no way to pay the . . .

---

[1] Plaintiff's paragraphs are not numbered sequentially, although there do not appear to be any repeated paragraph numbers. Accordingly, the Court cites to the paragraphs as numbered by Plaintiff.

requested bond." *See id.* ¶ 7. Her only asset is a house in Tijuana, Mexico, that she purchased for $232,771 pesos (MXN), or approximately $12,363 (USD), with a combination of her savings, "small subsidies by government programs," and her son's financial support. *See id.* ¶¶ 8, 9. Her monthly mortgage payments are approximately $1,200 pesos (MXN) per month. *Id.* ¶ 9. Plaintiff now rents out this property for $1,400 pesos (MXN) a month, for a net profit of $200 pesos (MXN), or approximately $10.69 (USD), per month. *See* Opp'n at 6; Rosales Decl. ¶¶ 9, 10.

## LEGAL STANDARD

"There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.,* 37 F.3d 573, 574 (9th Cir. 1994). "However, the federal district courts have inherent power to require plaintiffs to post security for costs." *Id.* (citing *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1121 (9th Cir. 1987)). "Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs." *Id.* (quoting 10 Wright, Miller, & Kane, *Federal Practice and Procedure: Civil 2nd* § 2671).

> In addition to following the forum state's practice, the [c]ourt should balance several factors in assessing the propriety of requiring a plaintiff to post security for costs, including whether the litigation has "the appearance of vexatiousness" and:
>
> (i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective.

*A. Farber & Partners, Inc. v. Garber*, 417 F. Supp. 2d 1143, 1146 (C.D. Cal. 2006) (quoting *Simulnet*, 37 F.3d at 575–76). "The imposition of a costs bond is within the [c]ourt's discretion." *Brightwell v. McMillan Law Firm*, No. 16-CV-1696 W (NLS), 2017

WL 6944415, at *2 (S.D. Cal. May 12, 2017) (citing *Kourtis v. Cameron*, 358 F. App'x 863, 866 (9th Cir. 2009)).

Under California law, "[w]hen the plaintiff in an action . . . resides out of the state . . . , the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action of special proceeding."  Cal. Civ. Proc. Code § 1030(b).  "The motion shall be accompanied by an affidavit in support of the grounds for the motion," which "shall set forth the nature and amount of the costs and attorney's fees the defendant has incurred and expects to incur by the conclusion of the action or special proceeding."  *Id.*

"To satisfy the requirements of section 1030, the [d]efendant must demonstrate a reasonable possibility of success on each of [the p]laintiff's claims."  *Johnson v. Altamirano*, 418 F. Supp. 3d 530, 564 (S.D. Cal. 2019) (citing *Brightwell*, 2017 WL 6944415, at *2).  "Section 1030(b)'s 'reasonable possibility' standard 'is relatively low.'"  *Id.* (quoting *Wilson & Haubert, PLLC v. Yahoo! Inc.*, No. C-13-5879 EMC, 2014 WL 1351210, at *3 (N.D. Cal. Apr. 4, 2014)).  "But it 'is not so low as to be non-existent.'"  *Id.* (quoting *Wilson & Haubert*, 2014 WL 1351210, at *3).  "District courts should not 'read section 1030 so broadly as to require every out-of-state litigant who brings a non-frivolous suit in California to post a bond simply because there is a reasonable chance the defendant may prevail.'"  *Id.* (quoting *Wilson & Haubert*, 2014 WL 1351210, at *3) (citing *BladeRoom Grp. Ltd. V. Facebook, Inc.*, No. 5:15-CV-01370-EJD, 2018 WL 1989530, at *1 (N.D. Cal. Jan. 4, 2018)).  "Further, the Ninth Circuit has cautioned that '[i]n requiring a security bond for defendants' costs, care must be taken not to deprive a plaintiff of access to the federal courts.'"  *Id.* (quoting *Simulnet*, 37 F.3d at 575–76).  "While it is neither unjust nor unreasonable to expect a suitor to put his money where his mouth is, toll-booths cannot be placed across the courthouse doors in a haphazard fashion."  *Id.* (quoting *Simulnet*, 37 F.3d at 576) (internal quotation marks omitted).

///

**ANALYSIS**

Defendants request that this Court order Plaintiff, a resident of Mexico, to post a bond of $7,500, fifty percent of the amount Defendants estimate Federal Rule of Civil Procedure 54 and Civil Local Rule 54.1 would entitle them to recover should they prevail. *See* Mot. Mem. at 9, 10. Defendants argue that there is a reasonable possibility they will prevail on each of Plaintiff's claims. *See* Mot. at 2. In opposition, Plaintiff argues that "she cannot afford to pay" this amount and that requiring her to do so will limit her access to the courts. *See* Opp'n at 4.

Plaintiff does not dispute that, as a resident of Mexico, she "resides out of state." *See* Cal. Civ. Proc. Code § 1030(a); *see* ECF No. 1 ¶ 9. "Thus, '[t]he first requirement of [section 1030] . . . is satisfied'" and "the court turns to the second element under . . . section 1030(b), which requires defendants to show a 'reasonable possibility' they will obtain judgment in their favor." *A. Farber & Partners*, 417 F. Supp. 2d at 1146 (alterations in original) (quoting *Ismart Int'l Ltd. v. I-Docsecure, LLC*, No. C-04-03114 RMW, 2005 WL 588607, at *9 (N.D. Cal. Feb. 14, 2005)).

Based on a review of Defendants' legal arguments and Plaintiff's opposition, the Court finds that Defendants have a reasonable possibility of prevailing on Plaintiff's claims. Defendants' arguments meet the "relatively low" reasonable possibility standard. *See Johnson*, 418 F. Supp. 3d at 564 (quoting *Wilson & Haubert*, 2014 WL 1351210, at *3). Plaintiff does not respond to Defendants' specific legal arguments; instead, Plaintiff reiterates that the low bar of reasonable possibility is not "so low as to be non-existent." *See* Opp'n at 9. Although Plaintiff is correct, Defendants meet this standard. Accordingly, Defendants satisfy the second requirement of Section 1030(b), and the Court now turns to "the propriety of requiring [P]laintiff to post security for costs." *A. Farber & Partners*, 417 F. Supp. 2d at 1146.

"[S]ection 1030(b) requires the defendant to provide an affidavit with the motion that sets forth 'the nature and amount of the costs and attorney's fees" that the defendant has and expects to incur." *Donshen Textile (Holdings) Ltd. v. Rabinowitz*, No. CV 13-

09030 SJO (SHx), 2014 WL 12638884, at *3 (C.D. Cal. May 5, 2014).  With their Motion, Defendants include a declaration stating that Senior Deputy County Counsel has "reviewed several cost bills submitted by [County of San Diego's Office of County Counsel] in other wrongful cases brought against Sheriff's deputies" and found that the "average recoverable litigation costs appear to be in the range of $15,000."  *See* ECF No. 8-2 ("Aceves Decl.") ¶ 2.  Defendants also list the costs 28 U.S.C. § 1920 allows a prevailing party to recover.  *See* Mot. Mem. at 10.  The Court finds that Defendants have met their burden of providing the nature and amount of the costs under Section 1030(b); however, unlike in similar cases, Defendants do not include an itemized list of incurred or expected expenses specific to this case, which would allow the Court to balance more adequately the equities of the Parties.  *See Gabriel Techs. Corp. v. Qualcomm, Inc.*, No. 08 CV 1992 MMA (POR), 2010 WL 3718848, at *15 (S.D. Cal. Sept. 20, 2010) (using an itemized chart of anticipated costs provided by defendant to determine the reasonableness of each claimed cost and the total amount); *Pittman v. Avish P'ship*, No. CV 10-1390-JST (OPx), 2011 WL 9160942 at *8 (C.D. Cal. June 2, 2011) (determining a reasonable bond amount by balancing a supplemental brief, declaration, and detailed billing narratives from defendants' attorney with the plaintiff's settlement proceeds).

This brings the Court to Plaintiff's ability to post the requested bond.  "The party seeking relief from the requirement of posting a bond or undertaking has the burden of proof to show entitlement to such relief."  *Pittman*, 2011 WL 9160942, at *5 (quoting *Williams v. FreedomCard, Inc.*, 123 Cal. App. 4th 609, 614 (2004)) (internal quotation marks omitted).  "Indeed, 'because the range of information potentially relevant to the court's inquiry is virtually limitless, depending on the litigant's individual situation, [California courts have not] identif[ied] with precision what a plaintiff who has not achieved *in forma pauperis* status must present to carry his or her burden of proof on this issue.'"  *Id.* (alteration in original) (quoting *Alshafie v. Lallande*, 171 Cal. App. 4th 421, 435 (2009)).

///

Here, Plaintiff submits a declaration stating: "I have no way to pay the Defendant's requested bond, I cannot afford such amount of money." Rosales Decl. ¶ 7. Plaintiff further explains that "[t]he only asset [she owns] is a small house in Tijuana, Mexico," *id.* ¶ 8, which is worth approximately $12,363 (USD), *id.* ¶ 9, and that her sole source of income is the net rent she receives of $200 pesos (MXN) per month, *see id.* ¶¶ 4–5, 9–10, which amounts to approximately $10.69 (USD). *See* Opp'n at 6. On this record, requiring Plaintiff to post a security bond would deprive Plaintiff access to the Court. *See Simulnet*, 37 F.3d at 575–76 (cautioning that, "[i]n requiring a security bond for defendants' costs, care must be taken not to deprive a plaintiff of access to the federal courts" because "[t]o do so has serious constitutional implications"). Accordingly, Plaintiff has shown that the security bond should be waived based on her indigency. *See Pittman*, 2011 WL 9160942, at *5 (holding that "a sworn statement of hardship that includes some financial information but no supporting documentation may be sufficient" to show entitlement to relief from posting a bond) (quoting *Alshafie*, 171 Cal. App. 4th at 432) (internal quotation marks omitted); *Godoy v. Cty. of Sonoma*, No. 15-CV-00883-WHO, 2016 WL 6663003, at *2 (N.D. Cal. Nov. 10, 2016) (holding that declarations explaining plaintiffs' income, expenses, and employment status were sufficient to show indigency).

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants' Motion (ECF No. 8). Defendants County of San Diego and Gore **SHALL RESPOND** to Plaintiff's Complaint in accordance with Federal Rule of Civil Procedure 12(a).

**IT IS SO ORDERED.**

Dated: September 9, 2020

Hon. Janis L. Sammartino
United States District Judge